UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICARDO A.,[1] <br>     Plaintiff, <br> v. <br> ANDREW M. SAUL, Commissioner of Social Security, <br>     Defendant. | Case No. CV 18-08142-RAO <br><br> **MEMORANDUM OPINION AND ORDER** |

## I.   **INTRODUCTION**

Plaintiff Ricardo A. ("Plaintiff") challenges the Commissioner's denial of his application for a period of disability and disability insurance benefits ("DIB"). For the reasons stated below, the decision of the Commissioner is REVERSED and REMANDED.

## II.   **PROCEEDINGS BELOW**

On May 29, 2015, Plaintiff applied for DIB alleging disability beginning October 30, 2014. (Administrative Record ("AR") 50-52.) His application was

---

[1] Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

denied on November 23, 2015. (AR 68.) Plaintiff filed a written request for hearing, and a hearing was held on September 14, 2017. (AR 31, 120.) Represented by counsel, Plaintiff appeared and testified, along with an impartial vocational expert. (AR 33-49.) On October 18, 2017, the Administrative Law Judge ("ALJ") found that Plaintiff had not been under a disability, pursuant to the Social Security Act,[2] from October 30, 2014 through the date of decision. (AR 26.) The ALJ's decision became the Commissioner's final decision when the Appeals Council denied Plaintiff's request for review. (AR 1.) Plaintiff filed this action on September 20, 2018. (Dkt. No. 1.)

The ALJ followed a five-step sequential evaluation process to assess whether Plaintiff was disabled under the Social Security Act. *See Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995). At **step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 30, 2014, the alleged onset date ("AOD"). (AR 20.) At **step two**, the ALJ found that Plaintiff has the following severe impairments: degenerative disc disease; scoliosis; osteoarthritis of the knees; left shoulder arthritis; left thumb osteoarthritis; obesity; diabetes mellitus; hypertension; hyperlipidemia; atrial fibrillation; and congestive heart failure, status post surgical aortic valve replacement. (*Id.*) At **step three**, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (AR 21.)

Before proceeding to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC") to:

> [L]ift and carry and push and pull 10 pounds occasionally and 10 pounds frequently; can stand and/or walk for 2 hours in an 8-hour day

---

[2] Persons are "disabled" for purposes of receiving Social Security benefits if they are unable to engage in any substantial gainful activity owing to a physical or mental impairment expected to result in death, or which has lasted or is expected to last for a continuous period of at least 12 months. 42 U.S.C. § 423(d)(1)(A).

2

and sit for 6 hours in an 8-hour day; never climb ladders, ropes, and scaffolds; occasionally climb ramps and stairs; and occasionally balance, stoop, kneel, crouch, and crawl.

(*Id.*)

At **step four**, the ALJ found that Plaintiff was capable of performing past relevant work as a mutual fund investment representative, and thus the ALJ did not continue to step five. (AR 25.) Accordingly, the ALJ determined that Plaintiff has not been under a disability from the AOD through the date of decision. (AR 26.)

## III. STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. A court must affirm an ALJ's findings of fact if they are supported by substantial evidence and if the proper legal standards were applied. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001). "'Substantial evidence' means more than a mere scintilla, but less than a preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). An ALJ can satisfy the substantial evidence requirement "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citation omitted).

"[T]he Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001) (citations and internal quotation marks omitted). "'Where evidence is susceptible to more than one rational interpretation,' the ALJ's decision should be upheld." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (citing *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005)); *see Robbins*, 466 F.3d at 882 ("If the

evidence can support either affirming or reversing the ALJ's conclusion, we may not substitute our judgment for that of the ALJ."). The Court may review only "the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

## IV. DISCUSSION

Plaintiff raises a single issue for review: whether the ALJ properly considered Plaintiff's testimony. (*See* Joint Submission ("JS") 4.) For the reasons below, the Court agrees with Plaintiff and remands the matter for further proceedings.

### A. The ALJ's Credibility Determination Is Not Supported By Substantial Evidence

Plaintiff argues that the ALJ failed to provide legally sufficient reasons for rejecting his subjective testimony. (*See* JS 4-11.) The Commissioner contends that the ALJ properly evaluated Plaintiff's testimony. (*See* JS 12-17.)

#### 1. Plaintiff's Testimony

Plaintiff testified that he had his aortic valve replaced in August 2016. (AR 35.) He was advised by his doctor to exercise on a treadmill for his heart. (AR 36.) Plaintiff explained that he gets tired, and after about 10 minutes, he needs to take a break. (*Id.*) Plaintiff sometimes walks between 20 and 45 minutes by walking in intervals. (*Id.*) He stated that sometimes it takes him two hours to complete 45 minutes of walking. (*Id.*)

Plaintiff lives alone in a small first-floor apartment. (AR 37.) A maid cleans his apartment once a week. (*Id.*) When Plaintiff has a good day, he prepares one meal that lasts for three or four days. (*Id.*)

Plaintiff drove to the hearing. (*Id.*) He explained that he has bad days and good days, and on bad days, he cannot drive. (*Id.*)

///
///

Plaintiff stated that he spends his time trying to read or doing something productive. (AR 39.) He goes to the library one to three times a week to attend a support group for people who are lonely. (AR 39-40.)

Plaintiff stopped working in January 2015 because he injured his knee while working as a security guard. (AR 40.) His knee no longer causes him problems because he lost some weight and went to therapy. (*Id.*)

Plaintiff testified that he can no longer work now due to fatigue caused by his heart. (AR 41.) Plaintiff also has dizziness, loss of concentration, and inability to focus. (*Id.*; AR 42.)

Plaintiff sometimes gets tired while sitting. (AR 42.) He then needs to stand or lie down. (*Id.*) On a bad day, after doing something for 30 to 40 minutes, Plaintiff needs to lie down for 20 or 30 minutes. (*Id.*) Plaintiff has two to four bad days each week. (*Id.*)

### 2. Applicable Legal Standards

"In assessing the credibility of a claimant's testimony regarding subjective pain or the intensity of symptoms, the ALJ engages in a two-step analysis." *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012) (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (quoting *Lingenfelter*, 504 F.3d at 1036) (internal quotation marks omitted). If so, and if the ALJ does not find evidence of malingering, the ALJ must provide specific, clear and convincing reasons for rejecting a claimant's testimony regarding the severity of his symptoms. *Id*. The ALJ must identify what testimony was found not credible and explain what evidence undermines that testimony. *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001). "General findings are insufficient." *Lester*, 81 F.3d at 834.

### 3. Discussion

"After careful consideration of the evidence," the ALJ found that Plaintiff's "severe impairments can reasonably be expected to cause some functional limitations," but found that "the extent of the alleged symptoms and functional restrictions are not entirely consistent with the medical evidence and other evidence in the record." (AR 22.) The ALJ relied on the following reasons: (1) conservative treatment; (2) activities of daily living; and (3) lack of objective medical evidence to support the alleged severity of symptoms. (*See* AR 22-24.) No malingering allegation was made, and therefore, the ALJ's reasons must be "clear and convincing."

#### a. Reason No. 1: Conservative Treatment

An ALJ may discount a claimant's testimony based on routine and conservative treatment. *See Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007) ("[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding severity of an impairment."); *see also Meanel v. Apfel*, 172 F.3d 1111, 1114 (9th Cir. 1999) (rejecting a plaintiff's complaint "that she experienced pain approaching the highest level imaginable" as "inconsistent with the 'minimal, conservative treatment' that she received").

Here, the ALJ observed that "only conservative treatment has been used to treat [Plaintiff's] knees," consisting of medications, hot/cold therapy, chiropractic care, acupuncture, and physical therapy. (AR 22.) However, this conservative treatment relates only to Plaintiff's knees, and this evidence is in fact consistent with Plaintiff's testimony that his knee no longer causes him problems after he lost weight and went to therapy. (AR 40.) At the hearing, Plaintiff testified that it is primarily his fatigue due to his heart issues, his dizziness, and his inability to focus that prevent him from working. (AR 41.) The evidence of conservative treatment and improvement with respect to Plaintiff's knees is not a legitimate reason to discredit Plaintiff's subjective complaints about other symptoms and limitations.

The ALJ also noted Plaintiff's other treatment history in passing while summarizing the medical records. (*See* AR 23-24.) Specifically, the ALJ noted Plaintiff's "conservative management" of his back, left shoulder, and left thumb conditions; "well-controlled" diabetes mellitus; "well-maintained" hypertension and hyperlipidemia; and "stable" congestive heart failure. (*Id.*) But the ALJ did not connect any evidence to Plaintiff's symptoms or testimony. The ALJ must explain which symptoms are inconsistent with the evidence of record and must explain how his evaluation of the symptoms led to that conclusion. *See* SSR 16-3p, 2016 WL 1119029, at *8 (S.S.A. Mar. 16, 2016); *Holohan*, 246 F.3d at 1208 ("[T]he ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony."). The determination must contain specific reasons for the weight given to the individual's symptoms and must clearly articulate how the ALJ evaluated the claimant's symptoms. 2016 WL 1119029, at *9; *see Lester*, 81 F.3d at 834 ("General findings are insufficient.").

The Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's subjective testimony.

### b. Reason No. 2: Activities of Daily Living

Inconsistencies between symptom allegations and daily activities may act as a clear and convincing reason to discount a claimant's credibility. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008); *Bunnell v. Sullivan*, 947 F.2d 341, 346 (9th Cir. 1991). But a claimant need not be utterly incapacitated to obtain benefits. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989). "If a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations." *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999); *accord Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

///

The ALJ found that Plaintiff's activities of daily living "appear compatible with the ability to sustain the work activities within the confines of the [RFC]." (AR 25.) The ALJ noted Plaintiff's regular exercise with breaks, ability to live alone and care for himself, ability to prepare meals, ability to drive, and participation in support groups. (*Id.*)

The fact that Plaintiff performs some daily activities does not detract from his overall credibility, as the record does not show that this consumes a substantial part of Plaintiff's day. Plaintiff stated that on a good day, he prepares one meal that lasts for three or four days. (AR 37.) It is not clear that Plaintiff's occasional meal preparation requires a substantial amount of time or effort, and the ALJ failed to explain how this translates into an ability to perform regularly in the workplace. *See Orn*, 495 F.3d at 639 (stating that an ALJ erred in rejecting a claimant's testimony due to daily activities that were "so undemanding that they cannot be said to bear a meaningful relationship to the activities of the workplace"). Similarly, the ALJ failed to explain how Plaintiff's ability to live alone, drive on good days, and participate in a support group translates to a work setting or is otherwise inconsistent with his alleged limitations. *See Lanway v. Colvin*, No. C13-5155BHS, 2014 WL 989256, at *8 (W.D. Wash. Mar. 13, 2014) (claimant "has no problems with personal care, . . . prepares simple meals, . . . drives, does laundry, and handles his own finances," but the ALJ erred in failing to discuss transferability or contradictions with other testimony); *cf. Karie K. v. Comm'r of Soc. Sec.*, No. 6:17-CV-01024-AA, 2018 WL 3613993, at *6 (D. Or. July 27, 2018) (finding that a claimant's participation in activities that included social events, groups, and yoga was a clear and convincing reason to discredit her testimony because the ALJ "determine[d] that plaintiff's allegations about concentration difficulties and brain fog were inconsistent with her stated abilit[ies]").

Further, the mere ability to perform some tasks is not necessarily indicative of an ability to perform work activities because "many home activities are not easily

transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication." *Fair*, 885 F.2d at 603; *cf. Molina*, 674 F.3d at 1112-13 (the ALJ may discredit a claimant who "participat[es] in everyday activities indicating capacities that are transferable to a work setting"). The critical difference between home activities "and activities in a full-time job are that a person has more flexibility in scheduling the former . . . , can get help from other persons . . . , and is not held to a minimum standard of performance, as she would be by an employer." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012) (cited with approval in *Garrison v. Colvin*, 759 F.3d 995, 1016 (9th Cir. 2014)). Here, Plaintiff testified that on bad days, he needs to take breaks every 30 to 40 minutes to lie down for up to a half hour. (AR 42.) Plaintiff's bad days occur two to four days a week. (*Id.*)

With respect to Plaintiff's exercise, Plaintiff testified that he walks on a treadmill at the advice of his doctor. (AR 36.) Plaintiff explained that he takes a break from walking after about 10 minutes, and it can take him two hours to complete 45 minutes of walking. (*Id.*) The ALJ again does not explain how this translates into an ability to perform regularly in the workplace. Additionally, some activities "are not necessarily transferable to the work setting with regard to the impact of pain" because "[a] patient may do these activities *despite* pain for therapeutic reasons, but that does not mean she could concentrate on work despite the pain or could engage in similar activity for a longer period given the pain involved." *Vertigan*, 260 F.3d at 1050.

In sum, the Court finds that this reason is not a clear and convincing reason, supported by substantial evidence, to discount Plaintiff's credibility.

### c. Reason No. 3: Lack of Supporting Objective Medical Evidence

The remaining reason for discounting Plaintiff's subjective testimony—lack of supporting objective evidence—cannot form the sole basis for discounting

9

symptom testimony. *See Burch*, 400 F.3d at 681 ("Although lack of medical evidence cannot form the sole basis for discounting pain testimony, it is a factor that the ALJ can consider in his credibility analysis."); *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997) ("[A] finding that the claimant lacks credibility cannot be premised wholly on a lack of medical support for the severity of his pain.").

The ALJ did not give clear and convincing reasons, supported by substantial evidence, for discounting Plaintiff's credibility. Accordingly, remand is warranted on this issue.

### B. Remand For Further Administrative Proceedings

Because further administrative review could remedy the ALJ's errors, remand for further administrative proceedings, rather than an award of benefits, is warranted here. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (remanding for an award of benefits is appropriate in rare circumstances). Before ordering remand for an award of benefits, three requirements must be met: (1) the Court must conclude that the ALJ failed to provide legally sufficient reasons for rejecting evidence; (2) the Court must conclude that the record has been fully developed and further administrative proceedings would serve no useful purpose; and (3) the Court must conclude that if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *Id.* (citations omitted). Even if all three requirements are met, the Court retains flexibility to remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Id.* (citation omitted).

Here, remand for further administrative proceedings is appropriate. The Court finds that the ALJ failed to provide clear and convincing reasons supported by substantial evidence to discount Plaintiff's subjective testimony. On remand, the ALJ shall reassess Plaintiff's subjective allegations. The ALJ shall then reassess Plaintiff's RFC in light of the reassessment of Plaintiff's subjective allegations and

proceed through step four and step five to determine what work, if any, Plaintiff is capable of performing.

V. **CONCLUSION**

IT IS ORDERED that Judgment shall be entered REVERSING the decision of the Commissioner denying benefits, and REMANDING the matter for further proceedings consistent with this Order.

IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this Order and the Judgment on counsel for both parties.

DATED: August 22, 2019

ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**THIS DECISION IS NOT INTENDED FOR PUBLICATION IN WESTLAW, LEXIS/NEXIS, OR ANY OTHER LEGAL DATABASE.**